UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HOUSEMASTER SPV LLC, | Civil Action No. 21-13411 (MAS) |
| Plaintiff, | |
| v. | |
| JOHN T. BURKE, JR., | MEMORANDUM OPINION AND ORDER |
| Defendant. | |

**BONGIOVANNI, Magistrate Judge**

Pending before the Court is Plaintiff HouseMaster SPV LLC's ("HouseMaster") motion to compel compliance with a subpoena *duces tecum* ("Motion to Compel") served on a non-party, Michelle Burke ("Michelle"). (*See* Docket Entry No. 74.) Further, HouseMaster has submitted informal requests for sanctions against Michelle pursuant to Federal Rule of Civil Procedure 45 ("Rule 45"). (*See* Docket Entry Nos. 77 and 79.) Specifically, HouseMaster requests sanctions in the form of attorneys' fees and costs incurred with the filing of its Motion. The Court has carefully reviewed the parties' submissions and decides this matter without oral argument pursuant to Local Civil Rule 78.1. For the following reasons, HouseMaster's Motion to Compel compliance with the non-party subpoena and its request for sanctions against the non-party are **DENIED,** without prejudice.

I.      **Factual Background**

On July 7, 2021, HouseMaster initiated this action in the United States District Court for the District of New Jersey against its former franchisee, Defendant John Burke ("John"). (*See* Docket Entry No. 1.) According to the Complaint, HouseMaster has been a home and building

inspection business since 1979 and manages over 370 franchise businesses throughout the United States.  (*See* McCormick Decl. in Supp. of Pl.'s Compl., at ¶ 3, Docket Entry No. 2-3).

Over the years, HouseMaster has developed a "valuable goodwill, including a strong and well-known reputation for quality, value and reliability, brand recognition and a loyal customer base."  (*Id.* at ¶ 5.)  HouseMaster contends that its franchisees have benefitted from its brand, recognition, trademark, and goodwill, as well as being spared the risks and costs associated with starting a new business.  (*Id.*)  Moreover, HouseMaster has offered its franchisees and prospective owners (i) proprietary report templates and guides, as well as legal templates; (ii) customer platforms, tools, and reports; (iii) repair list generators and repair estimator reports; (iv) inspection guides and step-by-step explanations; (v) an internal repository of documents, manuals, and newsletters; and (vi) marketing tactics.  (*See id.* at ¶ 7.)

In exchange, HouseMaster entered into franchise agreements with its franchisees, including John, who was a franchisee for over 17 years.  (*Id.* at ¶¶ 4, 7.)  John operated a HouseMaster franchise from 2003 through the spring of 2021.  (*Id.* at ¶ 21.)  Beginning on July 1, 2003, John and his then-wife, Jacquelyn Burke, entered a five-year franchise agreement to operate a HouseMaster franchise in the exclusive territory of Virginia Beach, Virginia.  (*Id.* at ¶ 9.)  John entered another franchise agreement on June 30, 2008, to operate a HouseMaster franchise for various territories in Chesapeake City, Norfolk City, and Virginia Beach, Virginia.  (*Id.* at ¶ 10.)  A final franchise agreement was entered in June 2016, with John agreeing to service many of the same territories in the Chesapeake and Virginia Beach areas, for a five-year period beginning March 1, 2016 and ending March 1, 2021.  (*Id.* at ¶ 13.)  The franchise agreements "permitted [John] to utilize Housemaster's proprietary marks and business system, including confidential

trade secrets and software to operate his home inspection business in the designated Chesapeake and Virginia Beach Territory." (*Id.* at ¶ 14.)

At the heart of this dispute are certain restrictive covenants and post-termination obligations that were detailed within John's franchise agreement. Section XII.B of the agreement set forth John's post-termination obligations, as well as his obligations not to compete or solicit HouseMaster's clientele. (*Id.* at ¶ 20). Section XII.B provided, among other things, that John Burke would not: (i) solicit or perform services for a customer of a HouseMaster franchise for 18 months post-termination; (ii) employ or seek to employee any person employed by HouseMaster or any other HouseMaster franchisee for a period of 18 months post-termination; (iii) operate a competing business within 25 miles from his approved territory for a period of 18 months post-termination; (iv) solicit or perform services for any HouseMaster customer for whom he performed services as a franchisee for a period of three years; and/or (v) associate with any contacts or real estate providers established while a HouseMaster franchisee for a period of three years. (*Id.*)

The parties' relationship declined following the expiration of John's final franchise agreement on March 1, 2021. (*Id.* at ¶ 30.) HouseMaster contends that, in "blatant violation (and clear disregard) of his covenant not to compete or solicit, [John] terminated his franchise with HouseMaster and started operating a competing business." Only three weeks after his franchise agreement expired, John "formed a new home inspection company that he would use to directly compete with HouseMaster." (*Id.* at ¶ 32.)

The parties do not dispute that, on March 23, 2021, John formed a new business, Burke Inspection Service LLC d/b/a Beacon Property Inspections ("BSI") in North Carolina—approximately three miles from his former HouseMaster territory. (*Id.*) HouseMaster alleges that in May and June of 2021, John accessed its proprietary software and database, emailing himself

3

and cc'ing Michelle with HouseMaster's home inspection templates.  (*Id.* at ¶ 41.)  Around the same time, Michelle accessed third-party software, Inspection Support Network, through her HouseMaster account and downloaded a list of referral contacts.  (McCormick Reply Decl., Docket Entry No. 68.)  In addition to using its proprietary software and information for his new business, HouseMaster contends that John utilized the same team while he was an active franchisee, including inspector Trevor Woody ("Woody"), inspector Gunnar King ("King"), and Michelle, the former Director of Marketing.

Further complicating matters, Michelle established an additional company, Beacon Property Inspections LLC ("Beacon") on July 2, 2021.  (*See* McCormick Decl. in Supp. of Pl.'s Motion to Compel, ¶ 9, Docket Entry No. 2-1, Civ. No. 3:21-cv-20251.)  In the subsequent weeks—in conduct that HouseMaster identifies as yet another effort to avoid enforcement of the restrictive covenants—John's company, BSI, modified its ownership structure from 100% John to 75% Michelle, 25% John, and identified Michelle as its new managing member.  (*Id.* at ¶ 10.)  On June 7, 2021, HouseMaster sent John a cease-and-desist letter to cease all operations.  (*Id.* at ¶ 44.) John did not comply and continued operating the newly formed businesses.  (*Id.* at ¶ 46.)

II.   **Procedural History**

HouseMaster filed the instant Complaint on July 7, 2021.  (Docket Entry Nos. 1 and 2.). In the Complaint, HouseMaster seeks compensatory and monetary damages under the terms of the franchise agreement, bringing claims for (i) breach of contract of the franchise agreement; (ii) misappropriation of trade secrets; and (iii) unfair competition.  (*See* Compl., 20–25.)  On the same date, HouseMaster filed a Motion for Expedited Discovery and application in support of a preliminary injunction.[1]  (Docket Entry Nos. 1 and 2.)

---

[1]  On June 30, 2022, the District Court issued a Memorandum Opinion granting HouseMaster's

### A.    Expedited Discovery Proceedings

On or about July 26, 2021, during the expedited phase of discovery, HouseMaster served John with 20 written requests for production of documents.  (*See* Def.'s Response in Opp. to Motion to Compel ["Def.'s Opp. Br."], Civ. No. 3:21-cv-20251, Docket Entry No. 12, Ex. 1.)  John initially produced approximately 1,789 pages of documents, while also objecting to producing documents on behalf of Beacon and items that were in the possession of non-parties, including Michelle, Woody, and King.  (*See id.*)

HouseMaster alleged that this initial production was deficient, as John had failed to produce (i) a single email, text message, or letter sent to John's former real estate contacts related to Beacon; (ii) any inspection reports; (iii) any contracts with clients; (iv) any communications soliciting business; (v) any internal communications to the operation of Beacon; (vi) a copy of the client/referral list being utilized by Beacon; and (vii) any documentation establishing the purchase of Beacon's website.[2]  (*See* Docket Entry No. 32.)

On August 24, 2021, the Court held a conference to address the outstanding discovery issues.  (*See* 11/10/2021 Letter Order, Docket Entry No. 57.)  During the conference, the Court granted HouseMaster leave to file a subpoena *duces tecum* (the "Subpoena") on non-parties, including Michelle, King, and Woody.  On August 31, 2021, HouseMaster served Michelle with the subject Subpoena.  (*See* McCormick Decl. in Supp. of Mot. to Compel ["McCormick Decl."],

---

motion for a preliminary injunction.  (Docket Entry Nos. 75 and 76.)  Though the preliminary injunction has been resolved, the Court finds that the issues that govern this dispute go beyond the preliminary injunction hearing.  The requested information from Michelle may be relevant to the remaining affirmative claims asserted in the Complaint—should this matter proceed to trial. Further, HouseMaster's other requests for relief remain pending, including the issue of sanctions from the non-party.

[2]  HouseMaster challenged John's objections to its Request for Production Nos. 1, 2, 8, 9, 10, 11, 12, 13, 16, 17, 19, and 20.  (Docket Entry No. 30 at 2–5.)

Civ. No. 3:21-cv-20251, Docket Entry No. 2, Ex. 4.)

Following several exchanges between counsel,[3] HouseMaster requested confirmation on September 15, 2021, if John Burke's then-counsel[4] (hereinafter "defense counsel") would be "producing all responsive documents sought which were identified on the schedules served with the subpoenas." (*Id.*, Ex. 15). On September 17, 2021, John produced, without any written responses or objections, documents labeled TW 1-181 (on behalf of non-party Trevor Woody), and documents labeled GK 1-247 (on behalf of non-party, Gunnar King). Absent from the production were any documents on behalf of Michelle Burke. (McCormick Decl. ¶ 38.) Indeed, defense counsel asserted that the documents produced by Woody and King included communications with Michelle and "have therefore covered what she also would produce." (*See* Def.'s Opp. Br., Docket Entry No. 12, Ex. 19.)

On September 21, 2021, HouseMaster contacted defense counsel once more, noting that Michelle did not provide any substantive responses to its Subpoena. (McComick Decl., ¶ 39, Ex. 17.) This time, defense counsel responded with an objection that none of the non-parties were their clients—despite having agreed to the Court to accept service on their behalf. (*Id.* ¶ 40, Ex. 18.) On September 30, defense counsel contacted HouseMaster in an attempt to resolve the litigation. (*Id.* ¶ 41.) Despite their best efforts, the parties have been unable to resolve this discovery dispute. (*Id.*)

---

[3] On August 30, 2021, counsel for Burke took the position: "(1) that New Jersey courts do not have personal jurisdiction over any of the third parties; and (2) that certain requests contained within the subpoenas were either overbroad or unduly burdensome on the third parties." (*Id.* ¶ 24, Ex. 10.)

[4] John's former counsel submitted a motion to withdraw on October 13, 2022. (Docket Entry No. 82.) Since he consented to the withdrawal, the Court granted the Motion on October 20, 2022. (Docket Entry No. 84.) Pursuant to the Court's Text Order, John was to retain new counsel within 30 days or was to be deemed *pro-se*. (*Id.*) Since 30-days have passed since the entry of that Order, he shall be deemed to be a *pro-se* Defendant.

B.      **Motion to Compel**

On November 4, 2021, HouseMaster filed a Motion to Compel Michelle's compliance with the Subpoena in the United States District Court for the Eastern District of Virginia.[5]   (*See Housemaster SPV, LLC v. John Burke T. Burke, Jr.*, Civ. No. 21-20251, Docket Entry Nos. 1 and 2.)

Michelle filed an opposition on November 23, 2021, where she argued: (1) the Motion to Compel should be denied for failure to confer under the Eastern District of Virginia's Local Rules and Federal Rule of Civil Procedure 37(a)(1); and (2) HouseMaster had already received all documents responsive to its Subpoena that were within her possession, custody, and control.  (*See* Def.'s Opp. Br. 9–15.)  In addition, Michelle noted in her opposition that after "a good faith showing after receiving HouseMaster's motion to compel, [she] re-searched her files and has produced 39 pages of supplemental materials," which were referenced as Exhibit 21.  (*Id.* at 13.) Michelle included—for the first time—her responses to the Subpoena:

> 1.  All communications (including, without limitation, emails, letters, text messages) relating to the formation of Beacon Property Inspections LLC from January 1, 2021 through to the present.

---

[5]  HouseMaster initially filed its Motion to Compel in the United States District Court for the Eastern District of Virginia in response to defense counsel's position that New Jersey lacked personal jurisdiction over Michelle Burke.  *See, infra*, n. 3.  On May 24, 2022, with consultation with the District of New Jersey and in consideration that the parties had already been actively litigating their claims pending in this Court, Judge Lawrence R. Leonard, United States Magistrate Judge for the Eastern District of Virginia, determined that "under Federal Rule of Civil Procedure 45(f), exceptional circumstances warrant transferring the Motion to Compel compliance with the subpoena to the District of New Jersey, which issued the subpoena and has dealt extensively with these parties and issues in the underlying litigation."  (*See id.*, 11/29/2021 Text Order, Docket Entry No. 14.)  On May 24, 2022, the District Court, applying its inherent authority to manage its docket, consolidated the two matters.  (*Id.*, Docket Entry No. 17.)  HouseMaster's Motion to Compel is currently pending before this Court.

RESPONSE:  I no longer have access to my HouseMaster email, or any emails sent through that address.  Therefore, I am unable to access any emails sent that way.  I have printed and attached two documents (#1 and #2) that were sent and received through my beaconpropertyinspections@gmail.com email address in reference to the creation of a website.  I have no text messages or letters that reference the formation of Beacon Property Inspections LLC.  I am in the habit of deleting text messages a few times a week due to excessive amounts that I receive daily.

2.  All communications (including, without limitation, letters, emails, text messages)and documents related to targeting and/or soliciting Real Estate Service Providers1 in connection with Beacon Property Inspections LLC and/or Burke Inspection Service LLC d/b/a Beacon Property Inspections from March 1, 2021 through to the present.

RESPONSE:  Except for the FB post attached (#3), which I have since removed[,] I do not have any letters, emails, text messages, or documents relating to the targeting and solicitation of Real Estate Professionals.  To my recollection, I did not contact any Real Estate Professionals regarding Beacon Property Inspections as that is not a common practice for me.

3.  All communications (including, without limitation, letters, emails, text messages) responding to requests from Real Estate Service Providers for inspection services from May 1, 2021 through to the present.

RESPONSE:  Except for attached I no longer have any emails (attached #4-7), or text messages (attached #8-) responding to requests from Real Estate Service Providers for inspection services from May 1 through present.  I am in the habit of deleting such things as I like to keep my email and text message boxes tidy.  I have never received a letter to request home inspection services.

4.  Any employment agreement containing a non-compete provision that you entered into while working for John Burke Burke's HouseMaster franchise.

RESPONSE:  I have never signed or verbally agreed to any non-compete provision with [John] or his HouseMaster Franchise.

8

5.  All documents related to the purchase/registration of the domain name: BEACONPROPERTYINSPECTION.COM in March 2021.

    RESPONSE:  The only documentation that I have regarding purchasing the domain name BEACON PROPERTY INSPECTIONS is the receipts from the WIX website (#1a, #1b)

6.  All paychecks or employee compensation issued from March 1, 2021 through to the present from Beacon Property Inspections LLC.

    RESPONSE:  See attachment #20.  All paychecks are still being issued through Burke Inspection Service due to an issue with an EIN number mix up.  I have been working with the IRS to resolve so that the change can be made to Beacon Property Inspections.

7.  Documents evidencing any transfer of money between John Burke Burke and/or Burke Inspection Service LLC, on one hand, and Beacon Property Inspections LLC, on the other hand, from March 1, 2021 through to the present.

    RESPONSE:  There are no documents that evidence this as it has not happened.  All monies received from home inspections is currently being deposited into a bank account owned by Burke Inspection Service.

    [*See* Def.'s Opp. Br., Ex. 23, at 5-6.]

Michelle also provided a "Declaration" where she attested that:

   [i]n the ordinary course of my business, I frequently received emails and texts from real estate agents regarding home inspections. . . . It is my regular practice and custom to delete such emails and text messages once I have responded to them or scheduled a requested inspection.  Deleting an email or text message from my email account or phone allows me to know that I have properly responded to the email or text message.

   [*Id.* at ¶ 5.]

Accordingly, she stated: "I have again reviewed each of the seven categories of documents contained in the 'Schedule A to Michelle Burke' subpoena and I have no other responsive documents to produce other than those referred to in Exhibit A." (*Id.* at ¶ 6.)

HouseMaster submitted a Reply on November 24, 2021. (*See* Pl.'s Reply Br., Civ. No. 3:21-cv-20251, Docket Entry No. 13.) In response to any alleged failure to meet and confer, HouseMaster argued there would be no obligation to meet and confer prior to filing a motion to compel compliance with a non-party subpoena, and, even assuming that obligation exists, HouseMaster's conduct satisfied those obligations. (*Id.* at 2–7.) HouseMaster disagreed with Michelle's position that she has produced all documents in her possession that would have been responsive to its Subpoena requests. (*Id.* at 7–10.) HouseMaster "accepted" Michelle's responses to its Subpoena request numbers ("Request Nos.") 2, 4, 5, 6, and 7. (*Id.* at 8–11.) HouseMaster took a different stance, however, for Michelle's responses to Subpoena Request Nos. 1 and 3. (*Id.* at 8, 9.) HouseMaster argues that Michelle's statements, under oath, were false and demonstrated that "she destroyed significant responsive materials which warrants an issuance of sanctions in the form of attorneys' fees and costs incurred by HouseMaster in connection with [its] application . . . ." (*Id.* at 2, 11–13)

In a final effort to resolve this dispute, this Court directed Michelle to produce a Certification of her answers to the Subpoena. On July 26, 2022, Michelle complied with the Court's directives and electronically submitted a signed certification ("Certification"), stating as follows:

> I, Michelle Burke, under the pains and penalties of perjury, hereby certify that I have reasonably searched or caused to be searched all relevant documents responsive to the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action dated August 24, 2021, and that I

believe that all relevant documents resulting from the stated searches have been produced:

> 1. All communications (including, without limitation, emails, letter, text messages) relating to the formation of Beacon Property Inspections LLC from January 1, 2021 to the present; and

> 3. All communications (including, without limitation, letters, emails, text messages) responding to requests from Real Estate Service Providers for inspection services from May 1, 2021 to the present.

> To the best of my knowledge all relevant documents have been produced.

HouseMaster submitted an additional reply to the above Certification on July 28, 2022, and August 4, 2022, respectively. (*See* Docket Entry Nos. 77 and 79.) In relevant part, HouseMaster asserts that "Michelle Burke's undated Certification fails to address the critical issues in dispute and provides further support for the issuance of sanctions based upon her clear destruction of relevant evidence." (Docket Entry No. 77.) HouseMaster took issue with Michelle's statements that she habitually deletes documents which "may have been relevant and discoverable in this litigation." (*Id.*) HouseMaster mentions that Michelle did not "certify whether she deleted any responsive documents since August 24 (the date of service of the subpoena)." (*Id.*) HouseMaster repeats and reiterates its request for sanctions against Michelle for her alleged destruction of evidence.

For the following reasons, HouseMaster's request to compel Michelle Burke's compliance with the non-party subpoena is DENIED, without prejudice. HouseMaster's request for sanctions is DENIED, without prejudice.

III.   **Analysis**

A.   **Legal Standard**

The Federal Rules of Civil Procedure provide that a party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Under Rule 26(b)(2)(C),

> [o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Thus, while the scope of discovery is broadly construed, it is not without limits and may be circumscribed. *Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999).

The scope of discovery provided for under Rule 26 applies to discovery sought via a Rule 45 subpoena on a non-party. *Burgess v. Galloway*, Civ. No. 20-6744, 2021 WL 2661290, at *3 (D.N.J. Jan. 28, 2021); *in re Novo Nordisk Sec. Litig.*, 530 F. Supp. 3d 495, 501 (D.N.J. 2021). Federal Rule of Civil Procedure 45 governs the issuance, enforcement, and service of subpoenas. Pursuant to Rule 45, a non-party may be compelled by subpoena to produce documents, permit an inspection of records, or appear for a deposition. *See, e.g.*, Fed. R. Civ. P. 45(d), (e).

A district court "has broad discretion regarding the enforcement of subpoenas." *Tattle Tale Portable Alarm Sys., Inc. v. Calfee, Halter & Griswold, LLP*, Civ. No. 11-7013, 2012 WL 1191214, at *3 (D.N.J. Apr. 10, 2012) (citation omitted); *Forrest v. Corzine*, 757 F. Supp. 2d 473, 477 (D.N.J. 2010) ("Magistrate Judges are given wide discretion to manage cases and to limit discovery in appropriate circumstances."). In applying that discretion, courts have the authority

to quash or modify subpoenas that fall outside the scope of permissible discovery. *Schmulovich v. 1161 Rt. 9 LLC*, Civ. No. 07-597, 2007 WL 2362598, at *2 (D.N.J. Aug. 15, 2007). "A court may limit or deny otherwise appropriate discovery when the information sought is not proportional to the needs of the case when certain factors are considered, including burden and expense." *In re EthiCare Advisors, Inc.*, Civ. No. 20-1886, 2020 WL 4670914, at *5 (D.N.J. Aug. 12, 2020) (denying motion to compel compliance with subpoena served on non-party upon finding movant had not shown the information sought was relevant, and even if it had some minimal possible relevance, it would not be proportional to the needs of the case when considering the full range of interests involved); *see also Travelers Indem. Co. v. Metro. Life Ins. Co.*, 228 F.R.D. 111, 113 (D. Conn. 2005) (observing that the court is required to weigh the burden to the subpoenaed party against the value of the information to the serving party).

**B.    Discussion**

**1.    Local Civil Rule 37.1**

The Court will first address Michelle's position that HouseMaster failed to meet and confer pursuant to the Court's Local Rules[6] and Federal Rule of Civil Procedure 37(a)(1) ("Rule 37"). Local Civil Rule 37.1 states in relevant part:

> **(a) Conference to Resolve Disputes**
>
> (1) Counsel shall confer to resolve any discovery dispute. Any such dispute not resolved shall be presented by telephone conference call or letter to the Magistrate Judge. This presentation shall precede any formal motion.
>
> . . .

---

[6]  Defense counsel has briefed this issue pursuant to the Local Rules of the Eastern District of Virginia. Since this matter is currently pending in this Court, the following analysis is governed pursuant to this Court's Local Rules. *See* L. Civ. R. 37(a)(1) and (b)(1).

**(b) Discovery Motions**

(1)  Discovery motions must be accompanied by an affidavit . . . certifying that the moving party has conferred with the opposing party in a good faith effort to resolve by agreement the issues raised by the motion without the intervention of the Court and that the parties have been unable to reach agreement.  The affidavit . . . shall set forth the date and method of communication used in attempting to reach agreement.

In response, HouseMaster argues that the Court's Local Rules do not apply to a Motion to Compel compliance with a non-party subpoena.  Indeed, pursuant to Rule 45:

At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

[*See* FED. R. CIV. P. 45(d)(2)(i)].

The Court agrees with HouseMaster that the instant dispute is governed by Rule 45—and not Local Civil Rule 37.  *Application of John Burkeson & John Burkeson*, 59 F.R.D. 174 (D. Del. 1973) (motion for order enforcing subpoenas issued to third parties should have been brought under Rule 45 rather than Rule 37).  Michelle's reliance on Rule 37 is unpersuasive, as none of the cases she cites in opposition involve subpoenas or third-party discovery.

The Federal Rules recognize this tension and the courts have dispensed with requiring a party and non-party to meet and confer prior to filing a motion under Rule 45.  *See e.g. Clift v. City of Burlington,* No. 2:12-CV-214, 2013 WL 12347197, at *2 (D. Vt. Aug. 26, 2013) ("A non-party filing a Rule 45 motion therefore does not need to meet and confer prior with the counsel of the party serving the subpoena"); *Jackson v. AFSCME Local 196*, 246 F.R.D. 410, 413 (D. Conn. 2007) (Rule 45 does not require that the parties (and non-parties) meet and confer prior to the filing of a motion); *Travelers Indem. Co. v. Metropolitan Life Ins. Co.*, 228 F.R.D. 111 (D. Conn. 2005). Defense counsel has not cited to authority or supporting case law that would require HouseMaster

14

to meet and confer prior to filing a motion to compel compliance with a non-party subpoena under Rule 45.

Even assuming that HouseMaster was obligated to meet and confer with counsel prior to filing a non-party subpoena, the Court finds that HouseMaster satisfied any meet and confer obligations.  In support of its Motion to Compel, HouseMaster has provided communications between counsel since the Subpoena was served in August 2021.  HouseMaster's counsel had contacted defense counsel on nearly ten different occasions in an effort to resolve this third-party dispute.  As outlined in these communications, if any party was unresponsive, it was defense counsel.  Therefore, the Court finds that that HouseMaster made genuine, good faith efforts to confer with counsel to resolve their dispute without Court intervention.

### 2.      Responses to the Subpoena

Next, the Court will consider whether Michelle has provided sufficient responses to HouseMaster's Subpoena, and the requests outlined in "Schedule A".  As mentioned above, HouseMaster stated in its Reply that it would "accept" Plaintiff's responses to five of the seven Subpoena requests, including Request Nos. 2, 4, 5, 6, and 7.  Consequently, the Court's analysis will focus on the contested requests, Request Nos. 1 and 3, which are as follows:

> Request 1: All communications (including, without limitation, emails, letters, text messages) relating to the formation of Beacon Property Inspections LLC from January 1, 2021 through to the present.

> Request 3: All communications (including, without limitation, letters, emails, text messages) responding to requests from Real Estate Service Providers for inspection services from May 1, 2021 through to the present.

For Request No. 1, HouseMaster argues that the requested documents "are clearly discoverable."  HouseMaster argues that the information requested would support the claims

advanced in the Complaint, which alleges that Michelle "started a competing home inspection company in an effort to circumvent her husband's non-compete obligations."  With respect to Request No. 3, HouseMaster contends that this is "unquestionably the most important category of documents," as it would support its claims that John violated the terms of his franchise agreement by improperly communicating with Real Estate Service Providers through Michelle and her new company.

In her opposition, Michelle argues that the initial production to the Subpoena under the "TW" and "GK" bates designation for Woody and King should have been considered by HouseMaster as responsive for her since they included communications with her.  As outlined above, defense counsel has emphasized that there was no separate production for Michelle bates-numbered documents, nor was anything to be produced from what had already been received from Woody and King.  Michelle has raised that, as an additional showing of good faith, she had "re-searched her file and has produced to HouseMaster 39 pages of supplemental materials," which were attached to her opposition papers.  Included in this production was a Declaration, under oath, where she attested that for Request No. 1, she did not have any "text messages or letters that reference the formation of Beacon Property Inspections LLC."  However, Michelle also mentioned that she had a "habit of deleting text messages a few times a week due to excessive amount" of correspondence that she receives daily.

Michelle took the same position for her responses to Request No. 3.  Except for what had already been produced, she stated she no longer had any emails or text messages "responding to requests from Real Estate Providers for inspection services from May 1 through the present."  It was reiterated once more that she may lack responsive evidence due to her "habit of deleting such things as [she] like[s] to keep [her] email and text message boxes tidy."

On or about July 26, 2021, Michelle submitted an additional Certification, under the Court's directive, attesting that she had searched all relevant documents responsive to the Subpoena Request No. 1 and that she produced "[a]ll communications (including, without limitation, emails, letter, text messages) relating to the formation of [Beacon] from January 1, 2021 to the present." She attested that she had produced all communications responsive to Request No. 3, "including, without limitation, letters, emails, text message[s] responding to requests from Real Estate Service Providers for inspection services from May 1, 2021 to the present."

The Court must bear in mind that Michelle is a non-party and shall be afforded greater protection from discovery than a normal party. *Conforti v. St. Joseph's Healthcare System, Inc.*, Civ. No. 17-50, 2019 2019 WL 3847994, at *2 (D.N.J. Aug. 15, 2019). Discovery from a non-party will be considered unduly burdensome where the information sought has already been or can be obtained from other means. *See Centrix Fin. Liquidating Trust v. Nat'l Union Int'l Co. of Pittsburgh, P.A.*, Civ. No. 12-6471, 2012 WL 6625920, at *6–7(D.N.J. Dec. 18, 2012) (quashing subpoenas to nonparties in part because information was already available to defendants and thus would be duplicative). Michelle, as a non-party, has been served with the Subpoena and has represented under oath—on more than one occasion—that she has reasonably searched all relevant documents responsive to the Subpoena Requests and that all relevant documents have been produced. It appears that HouseMaster believes these Certifications rest on false premises and that Michelle has not produced all documents or communications that would be responsive to their Subpoena Requests. Without any evidence to show otherwise, the Court must accept Michelle Burke's sworn statements that her initial document production and the supplemental production encompassed all responsive and relevant documents in her possession.

In light of the burdens faced by the non-party and that Michelle Burke has attested, under oath, that she produced and identified all relevant information in her possession, the Court will deny, without prejudice, HouseMaster's Motion to Compel her compliance with the Subpoena. In making that determination, the Court finds that HouseMaster has not specified—beyond broad categorizations—precisely what information Michelle has withheld from her production. HouseMaster will be granted leave to file an Amended Declaration for the Court's consideration to the extent that it can identify what Michelle still has in her possession that is missing or has yet to be produced.

### 3.    Sanctions

The Court must now consider HouseMaster's informal request for sanctions based upon Michelle's alleged spoliation of evidence. Rule 45 is the exclusive authority in the Federal Rules of Civil Procedure for imposing sanctions against a nonparty for failure to comply with a subpoena *duces tecum*. When enforcing a subpoena, Rule 45 gives the Court discretion over the type and degree of the sanction imposed. Under Rule 45(g):

> The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

Rule 45 also permits the court to impose sanctions on a party, or a nonparty, for defying a subpoena by improperly destroying and/or spoliating evidence. *See, e.g.*, *Lugo v. Fisher*, Civ. No. 19-0039, 2020 WL 6381388, at *3 (E.D. Cal. Oct. 30, 2020). Spoliation is "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Mosaid Techs. Inc. v. Samsung Elecs. Co.*, 348

F. Supp. 2d 332, 335 (D.N.J. 2004).[7]  The party who seeks a spoliation sanction holds the burden of proof.  *Bull*, 665 F.3d at 77.  However, "[i]n civil litigation, it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena, and the order might not require all the compliance sought by the subpoena.  Often contempt proceedings will be initiated by an order to show cause, and an order to comply or be held in contempt may modify the subpoena's command.  Disobedience of such an order may be treated as contempt."  Advisory Committee Notes, 2013 Amendment, FED. R. CIV. P. 45(g).

The Court finds that HouseMaster has raised noteworthy concerns that Michelle may have destroyed or deleted documents after she had been served with the subject Subpoena on August 24, 2021.  That Subpoena set forth Michelle's obligations under Rule 45, which included her duty preserve all responsive materials, including emails, text messages, and other communications.  As noted by HouseMaster, in response to the Subpoena Request No. 1, Michelle states: "I have no text messages or letters that reference the formation of Beacon Property Inspections LLC. **I am in the habit of deleting text messages a few times a week due to the excessive amounts that I receive daily**."  (Emphasis added).  Similarly, in response to Request No. 3, she states: "Except for attached I no longer have any emails (attached #4-7), or text messages (attached #8-) responding to requests from Real Estate Service Providers for inspection services from May 1 through present.  **I am in the habit of deleting such things as I like to keep my email and text message boxes tidy**."  (Emphasis added.)

---

[7]  The Third Circuit has adopted a four-part test for evaluating a spoliation claim.  Spoliation occurs where: (1) the evidence was in the party's control; (2) the evidence is relevant to the claims or defenses in the case; (3) there has been actual suppression or withholding of evidence; and (4) the duty to preserve the evidence was reasonably foreseeable to the party.  *Bull v. United Parcel Serv., Inc.*, 665 F.3d 68, 73 (3d Cir. 2012).

At this juncture, the Court will deny, without prejudice, sanctions under Rule 45 against Michelle Burke.  Based on the current record, HouseMaster has not satisfied its burden in showing that Michelle committed an affirmative act of spoliation or that she destroyed relevant evidence after being served with the Subpoena.   Nonetheless, as raised by HouseMaster, the Court finds Michelle's responses to its Subpoena Requests to be deficient.   Conspicuously absent from Michelle's response to Request No. 1 is a certified statement of whether she has deleted responsive documents or communications on or after August 24, 2021 (the date the Subpoena was served). Michelle is directed to provide the Court with a revised Certification stating whether she destroyed or deleted communications, including letters, text messages, or emails, that would have been responsive to Request No. 1, on or after August 24, 2021.  Michelle is also to address whether reasonable steps have been or can be taken to retrieve deleted information.

The same issues arise with Michelle's responses to Subpoena Request No. 3.  HouseMaster notes that—aside from a few limited emails—Michelle only produced four email communications all dated after the date of service of the Subpoena and 22 pages of text messages on or around November 2021.  (*See* Docket Entry No. 77.)  In her Certification, Michelle has not stated whether she destroyed relevant and discoverable materials responsive to Request No. 3.  Indeed, she has only certified that she believes all relevant documents have been produced.  Michelle is hereby ordered to provide additional sworn statements to the Court stating if she destroyed or deleted communications, including letters, text messages, or emails, that would have been responsive to Request No. 3, on or after August 24, 2021.  Insofar that responsive evidence was destroyed and/or altered, Michelle shall advise if such evidence can be restored or revived.  The Court will reconsider the issue of sanctions based upon on the statements in Michelle's revised Certification.

20

IT IS on this 23rd day of December, 2022,

ORDERED THAT PLAINTIFF HOUSEMASTER SPV LLC'S MOTION TO COMPEL COMPLIANCE WITH THE NON-PARTY SUBPOENA *DUCES TECUM* (DOCKET ENTRY NO. 74) IS DENIED, WITHOUT PREJUDICE; AND

IT IS FURTHER ORDERED THAT HOUSEMASTER IS GRANTED LEAVE TO FILE A SUPPLEMENTAL DECLARATION, SPECIFICALLY OUTLINING AND IDENTIFYING THE ITEMS THAT IT ALLEGES MICHELLE BURKE HAS WITHHELD OR OTHERWISE FAILED TO PRODUCE; AND

IT IS FURTHER ORDERED THAT HOUSEMASTER'S SUPPLEMENTAL DECLARATION SHALL BE FILED BY JANUARY 27, 2023; AND

IT IS FURTHER ORDERED THAT HOUSEMASTER'S REQUEST FOR SANCTIONS UNDER RULE 45 AGAINST NON-PARTY, MICHELLE BURKE, IS DENIED, WITHOUT PREJUDICE, FOR THE REASONS SET FORTH HEREIN (DOCKET ENTRY NOS. 77 AND 79); AND

IT IS FURTHER ORDERED THAT MICHELLE BURKE SHALL PRODUCE A REVISED CERTIFICATION NO LATER THAN JANUARY 20, 2023 ATTESTING, UNDER OATH, WHETHER (1) SHE HAS DESTROYED OR DELETED COMMUNICATIONS, INCLUDING LETTERS, TEXT MESSAGES, OR EMAILS, THAT WOULD HAVE BEEN RESPONSIVE TO THE SUBPOENA REQUEST NOS. 1 AND 3, ON OR AFTER AUGUST 24, 2021; AND (2) IF ANY RESPONSIVE EVIDENCE HAS BEEN DESTROYED, DELETED, OR ALTERED, MICHELLE SHALL ADVISE IF IT IS POSSIBLE TO REVIVE OR RESTORE THESE COMMUNICATIONS; AND

IT IS FURTHER ORDERED THAT THE CLERK OF COURT IS DIRECTED TO TERMINATE DOCKET ENTRY NO. 74; AND

IT IS FURTHER ORDERED THAT THE CLERK OF COURT SEND A COPY OF THIS MEMORANDUM AND ORDER BY BOTH REGULAR MAIL AND CERTIFIED MAIL, RETURN RECEIPT REQUESTED, TO DEFENDANT'S LAST KNOWN ADDRESS:

John T. Burke
4440 Leatherwood Drive
Virginia Beach, VA 23320

s/ Tonianne J. Bongiovanni
TONIANNE J. BONGIOVANNI
United States Magistrate Judge