**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HOUSEMASTER SPV LLC, <br><br> Plaintiff, <br><br> v. <br><br> JOHN T. BURKE, JR., <br><br> Defendant. | Civil Action No. 21-13411 (MAS) (TJB) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter presents a unique and rarely encountered issue where a plaintiff seeks to discontinue and dismiss an action in the face of an opposition. Pending before the Court is Plaintiff HouseMaster SPV LLC's ("HouseMaster") Motion for Voluntary Dismissal pursuant to Federal Rule of Civil Procedure[1] 41(a). (*See* ECF No. 112.) HouseMaster moves for this Court to dismiss the action without prejudice and without costs to either party. (*Id.*) Defendant John T. Burke, Jr. ("Defendant" or "Burke") opposed the motion (ECF No. 114) and HouseMaster replied (ECF No. 117). The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, HouseMaster's motion is granted.

**I.   BACKGROUND**

For the purposes of the instant motion, the Court adopts the facts as detailed in its Memorandum Opinion granting HouseMaster's motion for a preliminary injunction. (*See* Mem.

---

[1] Unless otherwise noted, all references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

Op. 1-8, ECF No. 75.) The Court accordingly only addresses herein the facts that are relevant to the pending motion for dismissal.

In brief summary, HouseMaster is a well-known home inspection franchise. (*Id.* at 1.) HouseMaster is based in New Jersey and provides support and training to its franchisees across the county. (*Id.*) HouseMaster's franchisees benefit from the company's name recognition, trademark, and business model while avoiding the risks associated with a start-up business. (Compl. ¶¶ 17-18, ECF No. 9.) Burke was among HouseMaster's franchisees who utilized the franchise system from 2003 to 2021. (*See id.*) Particularly relevant here, Burke entered into a series of franchise agreements with HouseMaster in exchange for the use of HouseMaster's proprietary materials and business model. (Mem. Op. 3.) This, of course, came with certain tradeoffs. (*Id.*) Burke's operative franchise agreement ("Franchise Agreement"), for example, incorporated restrictive covenants that prohibited him from operating a competing inspection business within the same territory as HouseMaster or taking clients from HouseMaster in the event Burke separated from the company.[2] (*Id.*)

Burke's Franchise Agreement expired in March 2021 and continued on a month-to-month basis. (Compl. ¶ 59.) A few months later, Burke sent a letter to HouseMaster indicating his intent to cease operating as a franchisee and stating that he would be relocating to a new state with his

---

[2] More specifically, the post-termination obligations in the Franchise Agreement prohibited Burke from: (1) soliciting or performing services for any customer of a HouseMaster franchisee for a period of 18 months following termination (*see* Franchise Agreement, Section XII.B ¶ 2, ECF No. 9-1); (2) employing or seeking to employ any HouseMaster employee or franchisee for a period of 18 months post-termination (*id.*, Section XII.B ¶ 3); (3) operating a competing business within a competing territory for a period of 18 months following termination (*id.*, Section XII.B ¶ 5); (4) soliciting or performing services for any HouseMaster customer for whom Burke performed services for a period of three years following termination (*id.*, Section XII.B ¶ 6); and (5) associating with any contacts or real estate providers that Burke established as a franchisee for a period of three years (*id.*, Section XII.B ¶ 7).

wife. (*Id.* ¶¶ 61-62.) Unbeknownst to HouseMaster, Burke and his wife, Michelle Burke, began operating a home inspection business in a competing territory. (Mem. Op. 5.) Once HouseMaster caught wind that Burke was violating the terms of his Franchise Agreement, HouseMaster filed a Complaint, a motion for a preliminary injunction, and a request for expedited discovery. (*See* Compl.; *see also* Decl. of Daniel J. Dimuro ["Dimuro Decl."], at ¶ 2, ECF No. 112-2.)

Having found that all the prerequisites for a preliminary injunction were satisfied, this Court granted HouseMaster's motion for a preliminary injunction in June 2022, which, among other things: (1) prohibited Burke from violating the terms of his noncompete covenant for a period of 18 months; (2) enjoined Burke from soliciting or performing services for prior customers for which he performed inspection services while a HouseMaster franchisee; (3) ordered Burke and those working with him to dissociate from prior telephone numbers used while operating a HouseMaster franchise business; and (4) enjoined Burke and those in active concert or participating with him from using or disclosing HouseMaster's confidential, proprietary franchise, or customer information "in any manner for any reason, so long as that information was obtained using HouseMaster's systems or accounts." (Mem. Op. 22-23.)

Since the entry of a preliminary injunction, the parties exchanged little, if any, discovery. (*See* HouseMaster Br. in Supp. Summ. J. 8, ECF No. 86-2 (noting that "no additional discovery has been conducted since the entry of the preliminary injunction.").) Indeed, from March 2022 until June 2023, Burke did not take any "affirmative action in connection to discovery"—he did

3

not serve any written discovery demands or propound deposition notices on HouseMaster.[3] (*See* Dimuro Decl. ¶¶ 6-8.)

In October 2022, approximately four months after obtaining a preliminary injunction, HouseMaster filed a motion for summary judgment.[4] (*Id.*). In response, Burke filed letter correspondence (ECF Nos. 102, 106, 109) indicating that he wished to conduct further discovery before the summary judgment motion was decided. On August 16, 2023, the Court granted Burke's request "to complete any outstanding discovery" before deciding HouseMaster's motion and directed HouseMaster to re-file any dispositive motions at the close of discovery. (ECF No. 110.)

A few weeks later, HouseMaster filed the instant motion to voluntarily dismiss this action without prejudice. (Pl.'s Moving Br., ECF No. 112.) In support of voluntary dismissal, HouseMaster contends that: (1) it has already received the primary relief sought against Burke through the preliminary injunction; (2) the 18-month restrictive covenant contained within the preliminary injunction order and prescribed by the Franchise Agreement has recently expired; and (3) Burke is believed to have limited funds and would not be able to pay a monetary judgment should HouseMaster prevail in this action. (*Id.* at 1-2.) Somewhat surprisingly, Burke opposed HouseMaster's motion for dismissal. (Def.'s Opp'n Br., ECF No. 114.) Burke opposes dismissal

---

[3] Burke has proceeded pro se in this matter since October 2022. On October 12, 2022, Burke's then-counsel filed a motion to withdraw from this matter explaining that Burke met with bankruptcy counsel and if this case did not immediately settle, Burke would likely have to file for bankruptcy. (ECF No. 82 ¶ 3.) Considering Burke's inability to pay his legal fees, his counsel sought "immediate approval to fully and completely withdraw from this matter[.]" (*Id.* ¶ 4.) The motion to withdraw was granted on October 20, 2022. (ECF No. 84.)

[4] On November 1, 2022, HouseMaster's motion for summary judgment was served at Burke's last-known Virginia address and was marked as delivered. (ECF No. 94-1, Ex. 1.) Burke nevertheless filed correspondence in February 2023 indicating that he moved to Moyack, North Carolina. (ECF No. 93.) The Court accordingly entered a text order directing HouseMaster to re-serve its summary judgment motion at Burke's new address and granted Burke with additional time to file an opposition brief. (ECF No. 95.)

on the sole ground that it would deny him the opportunity to bring counterclaims and "show that the claims made by [HouseMaster to obtain a preliminary injunction were] demonstrably false." (*Id.* at 20.)

## II. LEGAL STANDARD

A plaintiff who wishes to voluntarily dismiss its action but who cannot do so via notice or stipulation under Rule 41(a)(1) must seek an order of dismissal from the court. Fed. R. Civ. P. 41(a)(2). Rule 41(a)(2) authorizes the voluntary dismissal of a cause of action, but only "upon order of the court and upon such terms and conditions as the court deems proper." *Id.* Generally, a dismissal under Rule 41(a)(2) is addressed to the sound discretion of the court and the motion is granted unless the opposing party will suffer legal prejudice. *In re Diet Drugs Prods. Liab. Litig.*, 85 F. App'x 845, 847 (3d Cir. 2004). "The Third Circuit has taken a 'liberal' stance toward Rule 41(a)(2) dismissals." *Morano v. BMW of N. Am., LLC*, No. 12-606, 2015 WL 3660324, at *3 (D.N.J. June 11, 2015) (quoting *In re Paoli R.R. Yard PCB Litig.*, 916 F. 2d 829, 863 (3d Cir. 1990)).

## III. ANALYSIS

Burke opposes HouseMaster's motion for voluntary dismissal on the basis that he should be granted an opportunity to pursue counterclaims against HouseMaster for "wrong[fully] target[ing]" him and his wife, a third-party, with discovery in this action. (Def.'s Opp'n Br. 14-15, ECF No. 114.) HouseMaster responds, in pertinent part, that: (1) Burke does not rebut or squarely address any of the arguments contained within its motion for voluntary dismissal; and (2) Burke has failed to explain any cognizable legal theory with respect to his alleged counterclaim. (HouseMaster Reply 1-2, ECF No. 117.) For the foregoing reasons, Burke's purported counterclaims and/or requests to conduct discovery to craft new legal theories against HouseMaster are denied. It follows that HouseMaster's motion for dismissal is granted.

### A.     Burke's Counterclaims

The Court begins by assessing Burke's purported counterclaims—which appear to be the sole reason as to why he opposes HouseMaster's motion for voluntary dismissal. Burke largely interprets this Court's August 16, 2023 text order, which granted the parties additional time to pursue discovery, as a suggestion that there was "some merit to [his] [counter]claims" that he was targeted by HouseMaster and its attorneys. (Def.'s Opp'n Br. 14.) In support of his stance, Burke subsequently e-filed a forty-one page "Counterclaim" document on September 28, 2023. (ECF No. 119.)

Burke, however, misconstrues the Court's August 16, 2023 text order. While the Court granted the parties a final opportunity to wrap-up discovery regarding HouseMaster's claims and Burke's affirmative defenses, this Court's text order was not intended to provide Burke an opportunity to present newly manufactured claims over two years after this case was filed. (*See* ECF No. 110 ("As Burke states that he wishes to conduct further discovery, the parties shall work with Magistrate Judge Bongiovanni *to complete any outstanding discovery* before this Court decides Housemaster's Motion.") (emphasis added).)

Further, a plain review of Burke's Counterclaim document reveals that it is procedurally deficient. (*See generally id.*) First, the "Counterclaim"[5] document presents a hodgepodge of newly alleged factual assertions and does not contain any clear legal causes of action or claims. (*Id.* at 2-36.) As such, Burke's counterclaims fail to comply with Rules 8 (requiring a party to present a "short and plain statement of the claim showing that the pleader is entitled to relief"), 10(b) (requiring a party to state claims and defenses "in numbered paragraphs, each limited as practicable

---

[5] Despite labeling the document as a "Counterclaim," Burke appears to present many new factual assertions and legal claims. The Court therefore refers to Burke's filing as proposed "counterclaims".

to a single set of circumstances"), and 15 (requiring a party to amend a pleading only with "the opposing party's consent or the court's leave").

Second, beyond the aforesaid procedural defects, the Court finds that allowing Burke's proposed counterclaims to move forward at this stage would result in undue delay and prejudice to HouseMaster. The decision to grant leave to amend under Rule 15(a)(2) rests within the discretion of the court but should only be denied on the basis of: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the opposing party; or (4) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

With respect to "undue prejudice," Burke undoubtedly seeks to undertake a significant amount of new discovery to substantiate his ostensibly new theories against HouseMaster. *See Berger v. Edgewater Steel Co.*, 911 F.2d 911, 924 (3d Cir. 1990) (affirming denial of a motion to amend where a defendant's new claim "would entail extensive factual investigation" and "would put an unwarranted burden on the trial court and be likely to result in prejudice to" defendant); *Keene v. Sears Roebuck & Co., Inc.*, No. 05-828, 2007 WL 77324, at *7 (D.N.J. Jan 8, 2007) (denying motion to amend where defendant would be prejudiced by need to conduct "significant additional discovery," including depositions and investigations). As to "undue delay," Burke's attempt to belatedly raise new legal theories and facts into this case, nearly two years since he was on notice of this litigation, weighs in favor of denying his proposed amendment. In other words, Burke knew, or should have known, about the existence of his claims against HouseMaster when this case was filed in July 2021. *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993) (denying an amendment requested three years after the action was initiated because "most of the facts were available" when the initial complaint was filed).

Burke states that he did not file counterclaims earlier in the action because he is not "an attorney" and was not aware of the "correct course of action." (Def.'s Opp'n Br. 9.) When the answer was filed, however, and up until October 2022, Burke was represented by legal counsel. (ECF No. 84.) Burke does not dispute that he was represented by counsel in this case for over 15 months and never filed a motion for leave to assert any counterclaims. Burke and/or his former counsel's tactical decisions not to pursue counterclaims at the outset of this case cannot now be used as grounds to permit a late amendment. *Phillips v. Borough of Keyport*, 179 F.R.D. 140, 148-49 (D.N.J. 1998) ("Plaintiffs' failure to assert state constitutional claims can only be attributable to a tactical decision to assert only a federal constitutional claim. Courts will deny a motion to amend where the movant's unexplained delay suggests bad faith or tactical design."). And notwithstanding his status as a pro se litigant, Burke must still plead the essential elements of his claim and is not excused from conforming to the standard rules of civil procedure. *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Sykes v. Blockbuster Video*, 205 F. App'x 961, 963 (3d Cir. 2006) (finding that pro se plaintiffs are expected to comply with the Federal Rules of Civil Procedure).

Finally, the Court considers that Burke's purported counterclaims were filed only days before the return date for HouseMaster's motion for voluntary dismissal. Any last-ditch effort to prevent dismissal of this action through the filing of tactical and procedurally defective counterclaims is denied. For these reasons and at this stage of the litigation, the Court denies Burke's request to raise proposed counterclaims.

### B.  HouseMaster's Motion for Voluntary Dismissal

The Court now turns to HouseMaster's motion for voluntary dismissal. Courts in this District generally consider multiple factors when deciding a voluntary dismissal motion under Rule 41(a)(2), including:

> (1) the expense of a potential second litigation; (2) the effort and expense incurred by defendant in preparation for trial in the present case; (3) the extent to which the case has progressed; and (4) plaintiff's diligence in bringing the motion to voluntarily dismiss.

*Creek v. Borough of Paramus*, No. 12-2716, 2015 WL 3902307, at *5 (D.N.J. June 23, 2015) (citing *Sporn v. Ocean Colony Condo. Ass'n*, 173 F. Supp. 2d 244, 255 (D.N.J. 2001)). The Third Circuit has adopted a liberal standard for allowing voluntary dismissal. *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d at 863 ("Rule 41 motions 'should be allowed unless defendant will suffer some prejudice other than the mere prospect of a second lawsuit.'" (internal citation omitted)). In contrast, a with-prejudice dismissal is viewed as a "harsh remedy." *New York v. Hill*, 528 U.S. 110, 118 (2000). On balance, the Court finds this matter should be dismissed under Rule 41(a)(2) without prejudice.

#### i.  *Expense of a Potential Second Litigation*

First, considerations regarding the "expense of a potential second litigation" weigh in favor of HouseMaster. Here, HouseMaster represents that it has "no interest in filing a second lawsuit against Defendant Burke[.]" (*See* Pl.'s Moving Br. 5 (noting that "in the event a second litigation is initiated that may cause [Burke] some future expenses, it will likely be due to [Burke's] decision to file an affirmative lawsuit – not HouseMaster['s]."). This aligns with HouseMaster's position that it has already prevailed in this action by obtaining a preliminary injunction and enforcing the Franchise Agreement's restrictive covenants for a period of 18 months. (*Id.* at 1.) Burke also

appears to lack the financial resources to pay a final judgment if one is entered against him, discouraging HouseMaster from pursuing any further litigation. (Pl.'s Moving Br. 1; *see also* ECF No. 82.) Based on the parties' current positions, it appears that if any second litigation were filed, it would be one brought by Burke, and not HouseMaster. As such, any second litigation costs would not be prejudicial to Burke because he would be the party who chose to incur such costs.

HouseMaster also states that it would agree to the use of any discovery already exchanged in this action, including testimony obtained from its witness depositions, in any subsequent litigation. (Pl.'s Moving Br. 5-6.) The Court agrees with HouseMaster that this would substantially reduce the risk of any duplicative discovery costs to Burke in a second action and mitigates any possible prejudice to Burke. *See Tyco Labs., Inc. v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir. 1980) (finding that even where substantial discovery had taken place, discovery was not "so extensive . . . to be tantamount to the 'plain legal prejudice' which will preclude dismissal . . . This is particularly true here in view of the fact *that [the plaintiff] agreed . . . . not to object in any subsequent action to the utilization of evidence discovered in this case*.") (emphasis added); *Davis v. USX Corp.*, 819 F.2d 1270, 1276 (4th Cir. 1987) (finding a defendant is not prejudiced "when federal discovery will be useable in the state forum."); *Anderberg v. Masonite Corp.*, 176 F.R.D. 682, 687 (N.D. Ga. 1997) ("[I]f the evidence accumulated during discovery may be used in a subsequent lawsuit, then the fact that costs were incurred in conducting discovery will not in itself constitute plain prejudice.").

      *ii.*    *Efforts and Expenses Incurred*

Second, Burke's minimal litigation expenses and efforts in defending this case weigh in favor of allowing voluntary dismissal. For one, Burke has not expended considerable effort in litigating or defending this case. (Pl.'s Moving Br. 6.) This matter was initiated in July 2021. (*See*

Compl.) Yet, up until the latter half of 2023, Burke's efforts in defending this action were slim to none. Burke did not actively seek any written discovery, nor did he notice any witness depositions to HouseMaster. (*See* Dimuro Decl. ¶¶ 6-8.) Indeed, this case was largely at a standstill from the time the preliminary injunction motion was fully briefed in March 2022 until June 2023. Nor has Burke suffered considerable expenses in litigating this case. Burke has been proceeding in this action as a pro se litigant since October 2022, and thus has not incurred substantial attorney's fees. *See Emmanouil v. Mita Mgmt.*, No. 11-5575, 2015 WL 5023049, at *10-11 (D.N.J. Aug. 24, 2015) (finding in the context of voluntary dismissal that a defendant "will not be prejudiced by the effort or expense incurred in his preparation of this matter because he is representing himself pro se and therefore has not incurred attorneys' fees.").[6]

        *iii.    Progression of the Case*

Third, even though the case was filed back in 2021, the case's progression weighs in favor of voluntary dismissal. As stated, discovery in this matter remains open, the discovery end date has not expired, and no trial date has been set. Indeed, motions for voluntary dismissal have been granted even in cases where discovery concluded and/or summary judgment was pending after the conclusion of discovery. *See Giordano v. Phil. Contributionship Ins. Co.*, No. 14-904, 2015 WL 3866209, at *3 (D.N.J. June 23, 2015) (finding voluntary dismissal to be proper after fact discovery closed); *Gravely v. Wabash Nat'l Corp.*, No. 09-5435, 2010 WL 3502757, at *1 (D.N.J. Aug. 31, 2010) (granting motion for voluntary dismissal where discovery deadline had passed and where

---

[6] Nor does it appear that Burke incurred substantial legal costs when he was actively represented by counsel. In fact, his prior counsel withdrew in this matter because of Burke's failure and/or inability to pay legal fees. (*See* ECF No. 82 (noting that withdrawal was sought "because the Burkes [were] unable to pay their legal bills and [were] meeting with bankruptcy counsel[.]").)

summary judgment motions were pending); *Liro v. Inspira Med. Ctrs., Inc.*, No. 13-5591, 2016 WL 3951326, at *3 (D.N.J. July 21, 2016) (same).

### iv.   *HouseMaster's Diligence in Bringing Its Dismissal Motion*

Finally, the Court finds that HouseMaster promptly brought a motion for voluntary dismissal after this Court noticed that it would permit further discovery before HouseMaster's motion for summary judgment would be decided. (Pl.'s Moving Br. 7-8.) This motion was filed prior to the discovery deadline, before setting a trial date, and prior to engaging in any unnecessary supplemental discovery. (*Id.*) If anything, HouseMaster appears to seek to preserve the parties' resources by preventing any additional expenses through discovery that are no longer needed since it obtained the requisite preliminary relief and determined that Burke was not in a position to pay a monetary judgment or attorney's fees. The Court, accordingly, finds that HouseMaster was diligent in filing its motion for dismissal, and this too weighs in favor of granting HouseMaster's motion.

## IV.   CONCLUSION

Based on the foregoing, the Court grants HouseMaster's motion and dismisses this case without prejudice under Rule 41(a)(2). An Order consistent with this Memorandum Opinion will follow.

                                                                                                    _____
                                                                                                    MICHAEL A. SHIPP
                                                                                                    UNITED STATES DISTRICT JUDGE